**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| KSD, INC.<br>Plaintiff,<br>v.<br><br>THE UNITED STATES,<br>Defendant,<br><br>and<br><br>MCDONNELL DOUGLAS<br>HELICOPTER COMPANY,<br>Defendant-Intervenor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 05-1229C<br>(Judge Horn)<br><br>**BID PROTEST** |

**RESPONSE TO PLAINTIFF'S STATUS REPORT OF DECEMBER 2, 2005**

Defendant, the United States, respectfully submits this response to the status report filed by plaintiff, KSD, Inc. ("KSD") on December 2, 2005, in which KSD "requests that this Court require the Government to file a full and complete administrative record," and which we therefore understand to be a motion to supplement the record.

KSD correctly notes in its status report that, by letter dated November 30, 2005, the Government expressed its view that "the administrative record in this case is necessarily limited to those documents considered in connection with this procurement." This proposition reflects an accurate statement of the law and of the Court's rules and requires no additional comment.

Plaintiff attempts to obfuscate the issues concerning the procurement at issue in this case, however, by suggesting that the lens through which the Government's conduct must be viewed in this bid protest includes events dating back to 1997. This argument is unavailing and, to the extent plaintiff seeks to supplement the record upon the basis of this argument, its motion should be denied. Prior to 2000, the Army had procured so-called "Jenny Craig" strap packs manufactured by KSD for AH-64 Apache Helicopters. In November 2000, the Army sought approval for the sole-source procurement of so-called "Fat Boy" Strap Packs, P/N 7-51141146,

for the AH-64 from McDonnell Douglas Helicopter Company ("MDHC") upon the basis of a finding that the "Fat Boy" strap packs "will double the mean time between repair and will greatly reduce the unscheduled maintenance for the aircraft." Compl. Ex. 4.[1] KSD filed an agency-level protest concerning this sole-source procurement. Although this protest was denied and approval for the procurement was obtained in May 2001, KSD did not file a protest with the General Accounting Office (now known as the Government Accountability Office) or to this Court.

Four years after its decision to use the improved strap packs and install them on its helicopters, the Army recognized a need to procure additional strap packs for use as spares and took steps to replenish its supply. As stated in our November 30, 2005 letter to KSD's counsel, in effectuating this procurement of spares the Army did not revisit its 2001 determination concerning the relative merits of the "Fat Boy" over the "Jenny Craig" strap pack; it simply took steps to ensure the continued availability of items that it had been purchasing and installing on its helicopters for several years.

The administrative record filed with the Court on December 2 reflects the steps taken by the Army's procurement office to effectuate the procurement of spare "Fat Boy" strap packs. This record contains evidence of the Army's compliance with regulations requiring it to provide notice of its intent to proceed through a sole-source procurement, of KSD's failure to notify the Army that it has the capability to manufacture the specific, safety-critical items for which the Army identified a current requirement, and of the approval to proceed with a sole-source procurement. Among other things, the record includes:

---

[1] MDHC designed the "Fat Boy" strap pack at its own expense and submitted the design to the Army. KSD was afforded a similar opportunity to design an improved strap pack for the Army's consideration at its own expense, Compl. Ex. 6, but opted not to do so.

> (1) a pre-solicitation notice for Solicitation No. W58RGZ-04-R-0982 announcing the Army's requirement for 135 parts in support of the AH-64 Apache Helicopter Spares Program, including the "Fat Boy" strap pack assembly ("NSN 1615-01-501-7715, P/N 7-511411146, Noun: STRAP ASSY, MAIN ROT, Estimated Qty Per Year 3000"), and incorporating Government-wide Note 22 (indicating that the Army would consider any proposals submitted by persons who identified their interest and capability to meet the requirement with 45 days), AR 42, 43, 46;[2] and
>
> (2) the Justification and Approval for Other Than Full and Open Competition for AH-64 Spare Parts, approved by the Assistant Secretary of the Army on July 25, 2005 pursuant to 10 U.S.C. § 2304(c)(1) and FAR § 3.302-1, upon the basis that the Army Aviation and Missile Command ("AMCOM")'s finding that the spare parts sought were "available only from one approved source," AR 57, 62.

The documents in the record reflect the universe of materials considered in connection with the procurement at issue, and constitute the proper scope of the administrative record in this case.

Many of KSD's arguments concerning the proper scope of the administrative record are premised upon its assertions that the "Jenny Craig" is an adequate substitute for the "Fat Boy," and that the Army's requirement would be met if it purchased the "Jenny Craig." As a threshold matter, we do not believe that this Court possesses either the jurisdiction to evaluate the merits of the Army's assessment of what safety-critical helicopter part it needs or the expertise to make an informed decision with respect to the relative merits of two competing parts. However, even if the Court possessed such jurisdiction and expertise, the time to make such an evaluation was, of necessity, in 2001, at the time that the Army made its final determination to procure "Fat Boy,"

---

[2] KSD did not identify itself as an interested party in response to the Pre-Solicitation Notice. Moreover, it is not an "Approved Source" for the manufacture of "Fat Boy" strap packs. Pursuant to AMCOM regulations, such approval is required as a prerequisite to the procurement of Flight Safety Parts ("FSPs") (defined as "[a]ny part, assembly, or installation containing a critical characteristic whose failure, malfunction, or absence could cause an uncommanded engine shutdown, and/or an uncontained engine failure resulting in loss of or serious damage to an aircraft and/or serious death to the occupants"). AR 246.

rather than "Jenny Craig," strap packs. KSD opted not to raise such a challenge before this Court and now, four years after the Army began retrofitting helicopters with what it has determined to be improved strap packs, requests that the Court evaluate the Army's initial decision. Entertaining such a request would contravene Congress's express directive that, in exercising its jurisdiction over bid protests, the Court "shall give due regard to the interests of national defense and national security and the need for expeditious resolution of the action." 28 U.S.C. § 1491(b)(3). For this reason, supplementation of the record, whether in the form of additional documents or live testimony,[3] is not warranted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Bryant G. Snee
BRYANT G. SNEE
Assistant Director

s/Andrew P. Averbach
ANDREW P. AVERBACH
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-0527
Fax: (202) 305-2118

Dated: December 2, 2005

Attorneys for Defendant

---

[3] KSD has offered no explanation, other than a conclusory assertion concerning the need to make credibility determinations, for its suggestion that the Court should take the extraordinary step of conducting an evidentiary hearing.